■ DAYFORD BUTLER, Respondent, v. SCHACHT CONTRACTING CO., INC., et al., Defendants, and MINNEAPOLIS-HONEYWELL REGULATOR COMPANY, Appellant. — Judgment entered on May 6, 1963, in favor of plaintiff against defendants Schacht Contracting Co., Inc. (Schacht) and Minneapolis-Honeywell Regulator Company (Minneapolis-Honeywell) in the sum of $10,250, unanimously modified, on the law, the facts having been considered, to the extent of dismissing the complaint against Minneapolis-Honeywell, and, as so modified, affirmed, with costs to defendant-appellant. Personal injuries were sustained by plaintiff as the result of an explosion of a furnace allegedly caused by the negligence of defendants. The heating and hot water plant here involved consisted of a Cleaver-Brooks burner, a Pacific steam boiler, a Margitrol motor and a protective relay. The system was installed by Schacht, a defendant cast in judgment but not appealing. The burner was manufactured by Industrial Combustion Corporation. The Margitrol motor and the protective relay were manufactured by Minneapolis-Honeywell and sold by it to Industrial Combustion Corporation to be incorporated into the burner assembly. The system was so arranged that in order to start the burner it was necessary only to reset a switch or button. The function of the Margitrol motor was to cause the burner to go from low to high fire position and vice versa; it had no function with reference to ignition. The function of the protective relay was to prevent gas from entering the burner if there was any malfunction. If there was any malfunction in the system, the protective relay would shut down the entire operation. Upon resetting the switch the system would resume operation if the malfunction was obviated, otherwise it would remain off. Liability against Minneapolis-Honeywell requires proof that either the relay or the motor was defective. (*Campo v. Scofield*, 301 N. Y. 468, 471.) Plaintiff's expert, Allen Leff, testified that he examined the furnace during August, 1958, sometime after the occurrence, and found the relay operating normally. He testified that in the condition he found the relay fuel could not enter the firing chamber unless it functioned safely and properly and therefore that an explosion would not have been possible. With regard to the motor, Leff's testimony is that it functioned in two positions — one for low fire and the other for high fire. The high-fire position was utilized for heating purposes and the low-fire position was for heating water. At the time of the occurrence, July 18, 1958, the motor position was set for low fire. Plaintiff's expert found no defect in the motor with regard to low-fire operation. He later found that the high-fire position in which it furnished heat was defective in that 50% of the motor's starting attempts resulted in sticking on the open position. The said alleged defect is wholly irrelevant since it is clear that at the time of the occurrence on July 18, 1958, midsummer, hot water alone was supplied and the motor was functioning in a low-fire position. There is further proof that Frank Amman, sales engineer for Minneapolis-Honeywell, was not on the premises after June 27, 1958; that he was on vacation on July 11, 1958 when Henry Wymbs, heating engineer for Industrial Combustion Corporation, in the presence of Gilbert Schacht, plaintiff and others put in a new relay system. On this record plaintiff failed to establish the cause of the accident. On the other hand, there is evidence to the effect that on several prior occasions the relay had been manually tampered with. If the relay was manually jammed, its safety factor was nullified and enabled fuel to enter into the firing chamber and be fired manually. There is also evidence that prior to July 18, 1958 the relay and its operating units were sealed in a manner requiring the seals to be broken if an attempt was made to jam the relay, and that examination after July 18, 1958 showed that the seals had been broken. The record as to the appellant enables a finding that the relay was made inoperative by manual intervention for which it may not be

held liable and, in addition, fails to sustain the acts of negligence alleged and relied on by the plaintiff. Concur — Rabin, J. P., McNally, Stevens, Steuer and Witmer, JJ.